UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ELIJAH R. MUSTAIN,

    Plaintiff,

  v.

RED LOBSTER, LLC, FEDERAL BUREAU OF INVESTIGATION, EMERALD STAFFING LLC,

    Defendants.

Case No. 3:25-cv-00872-YY

FINDINGS AND RECOMMENDATIONS

**FINDINGS**

*Pro se* plaintiff Elijah R. Mustain originally filed suit in Washington County Circuit Court against defendants Red Lobster, LLC, the Federal Bureau of Investigations (FBI), and Emerald Staffing, LLC. The complaint alleges federal constitutional claims, and defendant Red Lobster removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1441. It is unclear whether the other two defendants have been served. Nevertheless, plaintiff's complaint suffers from a myriad of defects that requires dismissal. Plaintiff was afforded the opportunity to file an amended complaint but has failed to do so. Accordingly, this case should be dismissed without prejudice.

1 – FINDINGS AND RECOMMENDATIONS

This court may dismiss a complaint that is frivolous or fails to state a claim for relief, regardless of whether the plaintiff has paid a filing fee.[1] *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, . . . the court shall dismiss the case at any time of the court determine that . . . the action . . . is frivolous [or] fails to state a claim on which relief may be granted."); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

"A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." FED. R. CIV. P. 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled

---

[1] Plaintiff received a fee waiver when he filed his complaint in Washington County Circuit Court.

2 – FINDINGS AND RECOMMENDATIONS

to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Before dismissing a case for failure to state a claim, the court must provide a *pro se* litigant with notice of the deficiencies in the complaint and an opportunity to amend, unless it is apparent that amendment would be futile. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

      Plaintiff's complaint lists a multitude of claims, including violations of the First and Sixth Amendments, "violation of due process," and claims for defamation, retaliation, harassment, and negligence, among others. However, some of plaintiff's claims do not reference any constitutional, statutory, or common law basis and are thus too vague to constitute a claim for relief. These, include, for example, plaintiff's claims for "interference with my right to financial security and recovery," "manipulation of bureaucratic systems as a weaponized tactic," "obstruction of economic freedom," "loss of opportunity," "tampering with tax returns," "intentional obstruction of federal benefits," and "forced instability." Moreover, it is unclear whether plaintiff is alleging all of the claims against all of the defendants or whether he is alleging only certain claims against certain defendants.

      Additionally, plaintiff's complaint contains conclusory statements that defendants harmed him without sufficient factual matter to state a claim for relief that is plausible on its face. For example, plaintiff alleges that Red Lobster engaged in "harassment, defamation, and fabrication" and "behavioral pressure, misinformation campaigns, and internal rumors" without any details showing how the alleged conduct by Red Lobster constitutes a violation of any law.

3 – FINDINGS AND RECOMMENDATIONS

Plaintiff alleges that Emerald Staffing was the agency responsible for his subsequent employment at Sweet Cakes where he claims he experienced "significant workplace manipulation, harassment, [and] defamation," but plaintiff does not describe with any detail what occurred that would constitute a law violation.

With respect to the federal constitutional violations, plaintiff has not alleged how Red Lobster is a state actor and only vaguely and equivocally alleges that Emerald Staffing "may be operating as a front for a government agency." *See Gritchen v. Collier,* 254 F.3d 807, 812 (9th Cir. 2001) (holding that, to allege a violation of constitutional right under 42 U.S.C. § 1983, a plaintiff must show that the defendant's actions were taken under color of state law). Plaintiff also vaguely alleges that some "government actor" acted in the context of a "shelter environment" and "directly interfered with his constitutional right to seek legal counsel and pursue civil remedy," including "obstructive behavior such as tampering with [his] tax filings and creating conditions that hindered [his] ability to obtain representation or legal matters in a timely and effective manner." But plaintiff does not state which state actor he is referring to. If plaintiff is referring to the FBI, he has failed to provide any factual detail regarding how the FBI engaged in such actions.

Finally, plaintiff has alleged claims against the three defendants that arise out of separate incidents. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007);

4 – FINDINGS AND RECOMMENDATIONS

*Medina Chiprez v. Becerra*, Case No. 20-cv-00307-YGR (PR), 2020 WL 4284825, at *1 (N.D. Cal. July 27, 2020) (recognizing that "while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints"); *Gonzalez v. Maldonado*, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same). If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." FED. R. CIV. P. 21; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance"); *Medina Chiprez*, 2020 WL 4284825 at *1 ("[t]he court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately").

As currently pleaded, plaintiff's claims against multiple defendants do not satisfy the requirements of Rule 20(a)(2) for permissive joinder. Many of plaintiff's multiple claims and defendants have no apparent relation to one another: plaintiff alleges claims arising out of (1) employment at Red Lobster between December 14, 2004, and March 14, 2025, (2) temporary employment at Sweet Cakes between March 20, 2025, and April 15, 2025, (3) placement in a government-funded shelter between December 20, 2025, and March 12, 2025, and (4) interference with tax filings and the ability to obtain legal representation on April 14, 2025. Plaintiff may not include in a single complaint everything that has happened to him over a five-month period that he finds objectionable. Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named. *See* FED. R. CIV. P. 20(a); *Reed v. Newsom*, No.

3:20-cv-2439-AJB-MDD, 2021 WL 2633634, at *6 (S.D. Cal. June 25, 2021) (holding complaint with misjoined claims and defendants subject to dismissal under 28 U.S.C. § 1915(e)(2)).

Plaintiff was given the opportunity to file an amended complaint and failed to do so. Red Lobster has made multiple attempts to ensure that plaintiff has been apprised of the proceedings in this case, including the court's May 27, 2025 order directing plaintiff to file an amended complaint. On May 30, 2025, Red Lobster filed a Notice of Docket Entries (ECF 9) indicating it had served plaintiff with copies of all of the documents filed in this case as of May 30, 2025, including the court's May 27, 2025 order directing plaintiff to file an amended complaint. Red Lobster mailed the Notice of Docket Entries and accompanying documents to plaintiff at 4550 SW Betts Ave., Beaverton, Oregon 97005, the address that plaintiff provided on his state court summons (ECF 1-1 at 9), and it was returned as undeliverable.[2] ECF 9-6. Red Lobster also emailed a copy of the documents to plaintiff at the email address provided on his state court complaint.[3] ECF 9 (certificate of service); *see* ECF 1-1 at 6. Red Lobster has produced a copy of an email exchange that its attorney had with plaintiff showing that plaintiff receives email at this email address. ECF 13-3 at 2.

On June 18, 2025, Red Lobster filed a Notice of Attempted Service (ECF 13), explaining that it attempted to personally serve plaintiff with copies of all docket entries filed between May 21, 2025, through May 30, 2025, including the court's May 27, 2025 order. The process server was unable to serve plaintiff at 4550 SW Betts Ave., which the process server identified is a United States Post Office. ECF 13-1 at 2. The process server also attempted to personally serve

---

[2] The court similarly sent multiple pieces of mail to plaintiff at 4550 SW Betts Ave., Beaverton, Oregon 97005, and they have been returned as undeliverable.

[3] Red Lobster previously served the Notice of Removal on plaintiff at the 4550 SW Betts Ave. address, in addition to sending a copy to the email address that plaintiff provided on his state court complaint. ECF 1 (certificate of service); ECF 1-1 at 6.

6 – FINDINGS AND RECOMMENDATIONS

plaintiff at the address he provided during his employment at Red Lobster, and was informed that plaintiff no longer lives there. Notice Att. Service 2, ECF 13; ECF 13-2 at 2. Additionally, on June 18, 2025, Red Lobster emailed plaintiff a copy of the Notice of Attempted Service. ECF 13 (certificate of service).

All of this establishes that, while plaintiff has had the opportunity to cure the deficiencies in his complaint, he has failed to do so. Because plaintiff is proceeding *pro se* and may be able to cure the deficiencies in the complaint, dismissal without prejudice is appropriate at this time. *See, e.g.*, *Melvin v. Lake Cnty. Sheriff's Off.*, No. CV 24–64–M–DLC, 2024 WL 4535009, at *2 (D. Mont. Oct. 21, 2024) (dismissing without prejudice as "most appropriate" where the plaintiff was *pro se* litigant, even though he had been given an opportunity to amend the complaint) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing the court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements")). The Clerk of the Court shall email plaintiff a copy of these Findings and Recommendations to the email address he provided with his state court complaint.

## RECOMMENDATIONS

Plaintiff's case should be dismissed without prejudice for failure to state a claim for relief.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, July 18, 2025. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  June 27, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

8 – FINDINGS AND RECOMMENDATIONS